IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

GAYLAND FIX and CARMAN FIX, )
)
        Plaintiffs, )
)
vs. ) No. 05-0006-CV-W-SOW
)
COTTRELL, INC., et al., )
)
        Defendants. )

ORDER

Before the Court are several pending motions: plaintiffs' Motion to Consolidate (Doc. #7); plaintiffs' Motion to Remand (Doc. #9); defendant Jack Cooper Transport Company's Motion to Dismiss for Lack of Subject Matter Jurisdiction (Doc. #17); and defendant Cottrell, Inc.'s Motion to Consolidate Cases (Doc. #23).

I. Background

Plaintiffs Gayland and Carman Fix filed the above-captioned case in the Circuit Court of Jackson County, Missouri. On January 5, 2005, a Notice of Removal of Civil Action was filed in this Court by defendant Cottrell, Inc. (Doc. #1). Attached to defendant Cottrell, Inc.'s (hereinafter referred to as "Cottrell") Notice of Removal of Civil Action as "Exhibit B" was a Consent to Removal executed by Jack Cooper Transport Company (hereinafter referred to as "JCT").

The plaintiffs seek to have this action remanded to the Circuit Court of Jackson County, Missouri. Defendants Cottrell and JCT oppose a remand.

It is undisputed that plaintiffs are citizens and residents of the State of Missouri.

1

Defendant Cottrell is a Georgia corporation with its principal place of business in Georgia. Defendant JCT is a citizen of Delaware and Missouri, incorporated under the laws of Delaware and having its principal place of business in Missouri. Defendant Cottrell asserted in the Notice of Removal that JCT's citizenship must be disregarded because plaintiffs' claims against JCT are governed by the applicable Workers' Compensation laws. Plaintiffs have alleged a tort claim against JCT. JCT is plaintiff Gayland Fix's employer. Therefore, Cottrell stated in the Notice of Removal that plaintiffs' exclusive remedy lies in Workers' Compensation, that JCT, the only non-diverse defendant, was fraudulently joined, and that complete diversity exists allowing this Court to exercise diversity jurisdiction. 28 U.S.C. §1332.

## II. Standard

Under the fraudulent joinder doctrine, a federal court may assert diversity jurisdiction when a non-diverse defendant has been fraudulently joined. Wiles v. Capitol Indemnity Corp., 280 F.3d 868, 871 (8th Cir. 2002). Fraudulent joinder occurs when there is no possibility that the plaintiff can state a cause of action against the non-diverse defendant. Id.

## III. Discussion

A. Plaintiffs' Motion to Remand

Plaintiffs argue that this case should be remanded because defendant Jack Cooper Transport Company was not fraudulently joined.

Defendant JCT is the employer of plaintiff Christian Scott. The Missouri Supreme Court has repeatedly held that the exclusive jurisdiction to determine whether an employee was intentionally injured by his or her employer lies in the Division of Workers' Compensation. Hannah v. Mallinckrodt, Inc., 633 S.W.2d 723 (Mo. 1982)(the Labor and Industrial Relations

2

Commission has exclusive jurisdiction to determine whether an employee's injuries resulted from an accident); *see also* State ex rel. McDonnell Douglas Corp. v. Ryan, 745 S.W.2d 152, 154 (Mo. 1988); Killian v. J & J Installers, Inc., 802 S.W.2d 158 (Mo. 1991). Plaintiffs argue that they have alleged facts that invoke the "intentional" injury exception to the exclusive workers' compensation jurisdiction; however, the decision of "intent" in the first instance lies exclusively in the Workers' Compensation Division.

Plaintiffs rely on Groh v. Kohler, 148 S.W.3d 11, 2004 WL 1773531 (Mo. Ct. App. 2004). In Groh, however, the employee who was injured in the course of her employment brought a personal injury claim against her supervisor. Id. at 12-13. The Missouri Court of Appeals reiterated the general rule that "An employer's immunity under section 287.120 from common law liability for failure to provide a safe working environment extends to the employer's employee." Id. at 14. The employer's employee loses the immunity if he or she "affirmatively commits negligent acts outside the scope of an employer's responsibility to provide a safe workplace." Id. (citing Hedglin v. Stahl Specialty Co., 903 S.W.2d 922, 926 (Mo. Ct. App. 1995)). Although the Court in Groh found that the plaintiff's petition stated a cause of action against a fellow employee, it did not recognize a tort cause of action against the employer.

There is nothing in Groh that alters the Missouri Supreme Court's repeated holdings that subject matter jurisdiction for claims against an employee's employer, even claims alleging an intentional tort, lie in the Workers' Compensation Division. Therefore, the Court finds that JCT has been fraudulently joined.

B.   Motion to Consolidate

Plaintiffs have filed a motion seeking to consolidate this case with Case No. 04-1004-

3

CV-W-SOW. As all of the parties are now aware, by operation of Local Rule 83.9, all of the related cases involving defendants Cottrell, Inc. and Jack Cooper Transport have been transferred to this division. The Court declines plaintiffs' request to consolidate the cases.

C.   Defendant Jack Cooper Transport Company's Motion to Dismiss

Defendant JCT moves the Court to dismiss it as a defendant in this matter on the grounds that plaintiffs' exclusive remedy against JCT is pursuant to the Missouri Workers' Compensation Act. For the reasons stated above, defendant JCT's motion is granted.

D.   Defendant Cottrell's Motion to Consolidate Cases

Defendant Cottrell seeks to have this case consolidated with a previous lawsuit filed by the plaintiffs on October 18, 2004. The previous lawsuit is also before this Court as Case No. 04-CV-1007-CV-SOW. The first lawsuit alleges that on two occasions, plaintiff Gayland Fix slipped and fell while using a Cottrell trailer. The above-captioned case involves a third slip-and-fall accident by plaintiff Gayland Fix allegedly involving a Cottrell trailer.

Pursuant to Federal Rule of Civil Procedure 42, "When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay." Defendant Cottrell argues that the two cases brought by plaintiffs Gayland and Carman Fix should be consolidated because there are common issues of fact and law.

Plaintiffs have not filed any objections to defendant Cottrell's motion and any objections were due to be filed on or before April 15, 2005. Therefore, for good cause shown, defendant's motion is granted.

4

IV.  Conclusion

For the reasons stated above, it is hereby

ORDERED that plaintiffs' Motion to Consolidate (Doc. #7) is denied.  It is further

ORDERED that  plaintiffs' Motion to Remand (Doc. #9) is denied.  It is further

ORDERED that defendant Jack Cooper Transport Company's Motion to Dismiss (Doc. #17) is granted and defendant Jack Cooper Transport Company is dismissed from this case.  It is further

ORDERED that defendant Cottrell, Inc.'s Motion to Consolidate Cases (Doc. #23) is granted and this case is hereby consolidated with Case No. 04-CV-1007-CV-SOW.  The parties are instructed that all future filings should be made in Case No. 04-CV-1007-CV-SOW.  It is further

ORDERED that the Scheduling Order previously entered in Case No. 04-CV-1007-CV-SOW shall govern the consolidated case.

/s/Scott O. Wright
SCOTT O. WRIGHT
Senior United States District Judge

Dated: 5-2-05